IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
THE CHARTER OAK FIRE INSURANCE,      )
COMPANY, as subrogee of Somnograph Inc. )
                                     )
              Plaintiff,             )
                                     )
   v.                                )   Case No. 12-1360-RDR
                                     )
RIVER CITY MECHANICAL, INC., a domestic,)
for-profit corporation               )
                                     )
              Defendant.             )
```

## MEMORANDUM AND ORDER

Plaintiff is an insurance company located in Connecticut which issued an insurance policy to a Kansas company, Somnograph, Inc. The policy covered property damage and other losses. A claim was made against the policy because of a leak which led to extensive water damage in a building. Consequently, plaintiff paid in excess of $75,000.00 to Somnograph under the terms of the policy. Plaintiff has brought this lawsuit against defendant, a Kansas company, alleging that defendant's negligence caused the water leak which damaged Somnograph's property. Thus, this is a subrogation claim. Jurisdiction is alleged under the diversity statute, 28 U.S.C. § 1332.

This case is before the court upon defendant's motion to dismiss for lack of subject matter jurisdiction. Although Somnograph is not a named party to this action, defendant's

motion asserts that Somnograph's citizenship must be considered in deciding whether there is diversity of citizenship in this case.  We disagree and therefore shall deny the motion to dismiss.

Defendant's contention that the court must consider the citizenship of Somnograph is based upon the uncontested fact that the insurance policy in question had two deductibles in the amount of $1,000.00.  So, plaintiff did not pay the entire loss of Somnograph.  Defendant contends that Somnograph is a real party in interest and, because plaintiff is only a partial subrogee, the citizenship of Somnograph – even though it is not named as a party – must be considered in deciding whether there is complete diversity.

The Supreme Court's holdings in <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81 (2005) are contrary to defendant's position.  There, the Court determined that a case which had been removed because of the diversity of the named parties, should not be remanded to state court on the grounds that a potential defendant, if added, would destroy diversity.  The Court stated:

> Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all <u>named</u> plaintiffs and all <u>named</u> defendants and no defendant is a citizen of the forum State.  It is not incumbent on the named defendants to negate the existence of a potential defendant whose presence in the action would destroy diversity.

546 U.S. at 84 (emphasis supplied).  Here, we believe this court's diversity jurisdiction should be determined on the basis of the named parties when those parties are real parties in interest.  While there may be issues regarding party joinder which can be addressed under FED.R.CIV.P. 17 and 19, those are procedural or equitable issues.  "Both rules . . . address party joinder, not federal-court subject-matter jurisdiction."  Id. at 90.

In Lincoln, the Court faulted the Fourth Circuit for inquiring as to whether some other person might have been joined as an additional or substitute defendant.  Id. at 93.  In support of this point, the Court cited to the following passage from Little v. Giles, 118 U.S. 596, 603 (1886):  "where the interest of the nominal party is real, the fact that others are interested who are not necessary parties, and are not made parties, will not affect the jurisdiction of the [federal courts]."  (emphasis supplied).  Here, we do not believe we should inquire for purposes of jurisdictional analysis whether there is another real party in interest who could be joined as a party plaintiff, as long as plaintiff is a real party in interest.

Defendant asserts that plaintiff is not a real party in interest. This is incorrect. In Garcia v. Hall, 624 F.2d 150, 151 (10th Cir. 1980), the court held that it was well-settled

3

that "an insurance company is a real party in interest to the extent it has reimbursed the loss for which compensation is sought." The court further stated that "[w]hen the insurance company has made only partial reimbursement, both the insurer and the insured are real parties in interest." Id. The same holding is made in Fidelity & Deposit Co. v. Shawnee State Bank, 766 P.2d 191, 194 (Kan. App. 1988).

We do not construe defendant's motion as arguing for joinder of Somnograph as a party plaintiff. Plaintiff makes a substantial argument for why joinder is not required under Rule 19 and why Somnograph is not an indispensable party. But, the court finds it is unnecessary to rule on those arguments because defendant's motion does not request joinder. Defendant asks for dismissal for jurisdictional reasons, while "[t]he question of whether a suit must be dismissed due to the absence of an indispensable party is one of equity, not one that calls into question our subject matter jurisdiction." Downing v. Globe Direct LLC, 682 F.3d 18, 22 n.5 (1st Cir. 2012).

The motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated this 11th day of January, 2013 at Topeka, Kansas.

                                      s/Richard D. Rogers
                                      United States District Judge